**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 13, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JUNG SIK KIM,

      Plaintiff-Appellant,

  v.

STATE OF KANSAS; (FNU) (LNU)
(1), Unknown Official of Kansas, in
their individual and official capacity;
(FNU) (LNU) (2), Unknown Agent of
Kansas, in their individual and official
capacity; KATHLEEN SEBELIUS,
Governor of Kansas and Chief
Executive Officer, in her individual
and official capacity; ROGER
WERHOLTZ, Secretary of
Corrections, in his individual and
official capacity,

      Defendants-Appellees.

No. 06-3180
(D.C. No. 06-CV-3013-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **LUCERO**, and **HARTZ**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In this pro se appeal, Plaintiff-Appellant Jung Sik Kim challenges a district court order dismissing his civil-rights complaint for failure to state a claim. We affirm.

## BACKGROUND

Mr. Kim is an inmate at the Hutchinson Correctional Facility in Kansas, serving two concurrent sentences of 15 years to life for murder and attempted murder. In April 2006 Mr. Kim, proceeding pro se and in forma pauperis, filed an amended complaint in the United States District Court for the District of Kansas, claiming various constitutional and statutory violations by the Kansas Governor, the Kansas Secretary of Corrections, and an unknown Kansas official and agent "responsible for the application and disbursement of grant monies." R. Doc. 9 at 1, 2. Mr. Kim alleged that he is "a part 1 violent crime offender," *id.* at 2, and that "the defendants has [sic] failed to require plaintiff . . . to serve 85% of his sentence," *id.* at 6. He relied on 42 U.S.C. § 13704, which conditions a state's receipt of truth-in-sentencing grants on the state's implementation of laws requiring that part-1 violent criminals serve *no less than* 85% of their sentences. Without clearly alleging whether he has served less than or more than 85% of his sentence, Mr. Kim claims that he is entitled to damages as well as declaratory and injunctive relief.

Performing its 28 U.S.C. § 1915A screening function, the district court dismissed the amended complaint, ruling that (1) nothing in § 13704 requires that a prisoner be released upon serving 85% of his sentence; (2) Mr. Kim's complaint is essentially an unexhausted habeas corpus matter; and (3) there are no allegations that any defendant personally participated in Mr. Kim's allegedly illegal confinement. This appeal followed.

## DISCUSSION

We review de novo a § 1915A dismissal for failure to state a claim. *See McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). In conducting our review, we construe the pro se pleadings liberally, applying a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But "we are not bound by conclusory allegations, unwarranted inferences, or legal conclusions" contained in those pleadings. *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994).

After reviewing the record and Mr. Kim's appellate brief, we conclude that the district court did not err in dismissing the complaint insofar as Mr. Kim is alleging that he has served more than 85% of his sentence. *See* 42 U.S.C.

§ 13704 (stating that truth-in-sentencing grants are available to states that require part-1 violent criminals to "serve not less than 85 percent" of their sentences); *Hill v. McDonough*, 126 S. Ct. 2096, 2101 (2006) ("Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus." (internal quotation marks omitted)); *Trujillo v. Williams*, No. 04-2257, 2006 WL 2949135, at *11 (10th Cir. Oct. 17, 2006) ("In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established."). And insofar as Mr. Kim is alleging that he has yet to serve 85% of his sentence, we fail to see any injury to him under federal law. Accordingly, we AFFIRM the district court's dismissal order for substantially the reasons stated therein. We remind Mr. Kim of his continuing obligation to make partial payments, first on his district-court fees, and then on his appellate fees, until the fees have been paid in full. *See* 28 U.S.C. § 1915(b).

Entered for the Court

Harris L Hartz
Circuit Judge

-4-